IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>CORY FRITZLER,<br><br>Defendant. | No. CR 20-1034<br><br>BRIEF IN SUPPORT OF MOTION TO SUPPRESS<br><br>Hearing and Oral Argument Requested |

The Defendant, Mr. Fritzler, is charged in one count with violating the Lacy Act, 16 U.S.C. § 3372(a)(2)(A). Following is his brief in support of his motion to suppress the fruits of the search and seizure of his cell phones during the investigation that led to the filing of the charges.

TABLE OF CONTENTS

I. The protections of the Fourth and First Amendments are implicated by searches of data stored in cell phones............................................................. 3

II. The Fourth Amendment contains a particularity requirement................. 4

III. Copying electronic data is a Fourth Amendment seizure ..................... 5

IV. A reasonably well-trained officer would understand the particularity requirement in the context of a warrants to search cell phones....................... 5

V. Conclusion................................................................................. 6

On November 12 and 13, 2016, a state court judge issued warrants that included authority to seize and search, without limitation or further authorization, the contents of the Defendant's phones. The application for the warrant alleged crimes in November of 2105 relating only to illegal hunting of deer. Defendant's Exhibit A is a copy of two warrants and application. A-1 is the application and warrant for a property in Lansing, Iowa, and A-2 is the application and warrant for a property in Waterville, Iowa. There was a third warrant issued for a property in Lansing, Iowa, but it does not appear that any phone or other electronic device was seized during the execution of that warrant.

Defendant asserts that, based on the "four corners" of the warrants and the information regarding the specific type of alleged criminal conduct in application for warrant, the warrant's authorization for an unlimited search of the contents of the Defendant's phone was unreasonable and violated the Fourth Amendment, U.S. Const. amend IV. For relief, this Court should order the evidence derived from the search of the contents of the phones and other electronic devices be suppressed.

## I. The protections of the Fourth and First Amendments are implicated by searches of data stored in cell phones

Courts apply the Fourth Amendment with full force to protect against improper government access to personal data that is stored in cellphones. This data often includes both "sensitive records previously found in the home" and highly personal information "never found in a home in any form." *Cf. Riley v. California*, 134 S. Ct. 2473, 2491 (2014). In *Riley*, the Court recognized that searches of digital data on cell phones are qualitatively different from physical searches and instructed courts to consider how these differences impact the scope of Fourth Amendment protection. *See* 134 S. Ct. at 2484–85, 2488–89.

Cell phones also tend to include significant amounts of expressive material, making robust Fourth Amendment protection crucial to guarding First Amendment freedoms. "what the technology yields and records with breathtaking quality and quantity is a highly detailed profile, not simply of where we go, but by easy inference, of our associations . . . ." *Weaver*, 12 N.Y.3d at 442. * In *NAACP v. Alabama*, 357 U.S. 449, 462 (1958), the Supreme Court recognized the vital relationship between freedom to associate and privacy in one's associations.") Self-expression, even self-

3

identification," requires "strong protection under the Fourth Amendment." *City of Ontario v. Quon*, 130 S. Ct. 2619, 2630 (2010).

## II. The Fourth Amendment contains a particularity requirement.

For any warrant to pass muster under the Fourth Amendment, it must "particularly describe[] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. The particularity requirement "was designed to prohibit law enforcement agents from undertaking a general exploratory search of a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). "Indeed, indiscriminate searches pursuant to general warrants 'were the immediate evils that motivated the framing and adoption of the Fourth Amendment.'" *Payton v. New York*, 445 U.S. 573, 583 (1980). The Fourth Amendment's particularity requirement must be carefully considered when evaluating warrants authorizing the search and seizure of electronic data. The particularity requirement ensures that the government cannot obtain a general warrant to rummage indiscriminately through a person's papers and effects. The broad spectrum of data stored and commingled in digital form threatens to convert any warrant for electronic information into a general warrant if not tightly constrained. See *Berger v. New York*, 388 U.S. 41, 56 (1967), noting that in the context of wiretapping

4

phone calls, that "[b]y its very nature eavesdropping involves an intrusion on privacy that is broad in scope," making "[t]he need for particularity . . . especially great."

### III. Copying electronic data is a Fourth Amendment seizure

Copying electronic data by law enforcement is a seizure and thus a Fourth Amendment event, regardless of whether the data is ever reviewed. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984) "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." It was recognized, in Orin S. Kerr, Fourth Amendment Seizures of Computer Data, 119 Yale L.J. 700, 704 (2010) that, "[b]y copying electronic data, the government "interrupts the course of the data's possession or transmission" and "interferes with the owner's right to control the [data]."

### IV. A reasonably well-trained officer would understand the particularity requirement in the context of a warrants to search cell phones

Defendant asserts that a reasonably well-trained officer would, at least by the time that *Riley* was decided, understand that general warrants for unlimited searches of the contents of cell phones violates the Fourth Amendment. Even before *Riley*, there was a substantial body of law to this

5

effect. *See e.g. United States v. Galpin*, 720 F.3d 436, 446–47 (2d Cir. 2013) (electronic search warrants "demand[] a heightened sensitivity to the particularity requirement," lest they become de facto general warrants); *United States v. Rarick*, 636 F. App'x 911, 914–15 (6th Cir. 2016) (courts must "take care not to give the Government free rein to essentially do away with the particularity requirement by allowing it to examine every file on the device"); *United States v. Otero*, 563 F.3d 1127, 1131–32 (10th Cir. 2009) ("The modern development of the personal computer and its ability to store and intermingle a huge array of one's personal papers in a single place increases law enforcement's ability to conduct a wide-ranging search into a person's private affairs, and accordingly makes the particularity requirement that much more important."); *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1171 (9th Cir. 2010) (The Fourth Amendment requires the government to "maintain the privacy of materials that are intermingled with seizable materials, and to avoid turning a limited search for particular information into a general search of office file systems and computer databases.").

## V. Conclusion

Defendant requests that, on the authority of the Fourth Amendment's exclusionary rule, this Court order that all evidence derived from the search

of the contents of the phone be suppressed, including email messages, texts and images, including the information in Defendant's Exhibit B. Exhibit B is a digital file which contains information culled by law enforcement from the information stored on Defendant's phone. Mr. Fritzler also notes that a video camera was seized during the execution of one of the warrants and the contents of the storage device for that camera was seized and searched.

WHEREFORE, for the reasons cited herein, Defendant requests that the Court set a hearing on this motion and grant the relief requested herein.

Respectfully submitted,

*/s/ Mark Meyer*

MARK C. MEYER AT0005269
425 2nd Street SE, Suite 1250
Cedar Rapids, Iowa 52401
(319) 365-7529
legalmail@markcmeyer.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**
A copy of this document was served by ☐ mail, ☐ facsimile, ☐ hand-delivery ☐ electronic filing on 1/19/2021 upon all counsel of record in this case.

*/s/ Mark Meyer*

7

Case 2:20-cr-01034-CJW-MAR   Document 18-1   Filed 01/19/21   Page 7 of 7